UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CHRISTOPHER S. ENRIGHT,

      Plaintiff,

v.                                 CASE NO.: 8:05-CV-471-T-30MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

_____/


## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claims for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").[1]  Essentially, Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) incorrectly determining Plaintiff's residual functional capacity; (2) failing to consider Plaintiff's impairments alone or in combination; (3) posing an incomplete hypothetical to the vocational expert; (4) failing to consider the vocational assessment; (5) improperly substituting his judgment for that of the medical and vocational experts; (6) improperly rejecting Plaintiff's subjective complaints; and (7) failing to award benefits.  After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence.  Therefore, I recommend Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

_____

[1]  This matter has been referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b).

A.      *Background*

Plaintiff was thirty-nine years old at the time of his administrative hearing on August 8, 2002.  He has a tenth grade education and work experience as a garbage collector, garbage driver, electrician helper, kitchen helper, and ice cream vendor.  Plaintiff alleges disability due to low back pain, leg pain, hypertension and GERD.[2]  Plaintiff's procedural history is complicated.  He protectively filed for SSI and DIB on March 19, 1998, alleging a disability onset date of March 14, 1998.  On March 2, 1999, the ALJ denied Plaintiff's disability claim.  Plaintiff again filed for SSI and DIB on March 8, 1999 and January 23, 2001, alleging disability from November 19, 1993.  On December 29, 2000, Plaintiff filed an application for SSI, alleging an onset date of November 19, 1993.  On March 30, 2001, the Appeals Council vacated the ALJ's March 2, 1999 decision, consolidated the new claims, and remanded the case for further proceedings.  The ALJ held a hearing on August 8, 2002, during which the Plaintiff amended his alleged onset date to October 26, 1996.  The ALJ denied these applications on January 17, 2003, and it is this decision which is subject to judicial review (R. 17-35).

B.      *Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological

---

[2]   The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Report and Recommendation.  (R. 18-30).

abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates

against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further,

the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient

reasoning for determining that he has conducted the proper legal analysis, mandates reversal.

*Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for

clarification).

     C.     *Discussion*

     1.     *Whether the ALJ incorrectly determined Plaintiff's residual functional capacity.*

Plaintiff makes three separate arguments concerning the ALJ's finding regarding his residual

functional capacity.[3]

     a.     *Whether the ALJ erred in failing to consider Plaintiff's mental impairment.*

Plaintiff contends that the ALJ failed to consider his mental impairment in determining his

residual functional capacity.  Plaintiff relies on a diagnosis by Dr. Brandt stating that Plaintiff has

a Class 2 Mental/Nervous Impairment, which is defined as "[p]atient is able to function in most

stress situations and engage in most interpersonal relations (slight limitations)." R. 257.  Defendant

contends that the ALJ properly determined that Plaintiff's mental condition was not a severe

impairment.

     Plaintiff's argument here is difficult to decipher.  If the Plaintiff contends his mental

impairment meets a listed impairment thereby entitling him to an adjudication of disability, he must

present specific medical findings that meet the various tests listed under the description of the

---

[3] Plaintiff's counsel, who regularly represents Social Security claimants before this Court, raises multiple issues often without any supporting legal authority as required by the Local Rule 3.01(a).  Frankly, these types of scattershot unfocused arguments complaining about multiple issues are inappropriate.

applicable impairment. If, in the alternative, he contends that he has an impairment which is equal

to one of the listed impairments, he must present medical evidence which describes how the

impairment has such an equivalency. *See Bell v. Bowen,* 796 F.2d 1350, 1353 (11th Cir. 1986).

Plaintiff fails to point to a specific listing or offer specific medical findings to support his claims.

If he claims the ALJ erred at step two of the sequential analysis, Plaintiff notably has not presented

any evidence of a mental limitation besides Dr. Brandt's one sentence diagnosis. The Eleventh

Circuit has held "a claimant's impairment can be considered as not severe only if it is a slight

abnormality which has such a minimal effect on the individual that it would not be expected to

interfere with the individual's ability to work, irrespective of age, education or work experience."

*McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see also* 20 C.F.R. §§404.1521(a),

416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly

limit your physical or mental ability to do basic work activities."). Dr. Brandt's assessment

specifically notes that Plaintiff only has slight limitations, not significant limitations. Furthermore,

no evidence exists to support Dr. Brandt's diagnosis. Upon review of the medical records, it is clear

that no other doctor diagnosed Plaintiff with a severe mental impairment. Thus, the ALJ's

determination that Plaintiff does not have a severe impairment is supported by substantial evidence.

> b. *Whether the ALJ erred in failing to develop the record by referring Plaintiff to a psychiatric examination.*

Plaintiff argues that the ALJ should have developed the record by referring him to a

psychiatrist or psychologist. Defendant contends that the ALJ did not have a duty to further develop

the record.

It is a plaintiff's burden to prove he is disabled. *See Carnes v. Sullivan*, 936 F.2d 1215, 1218

(11th Cir. 1991). Furthermore, a plaintiff is required to show prejudice from lack of development

of a record before a case will be remanded for further development. *See Graham v. Apfel*, 129 F.3d

1420, 1422-23 (11th Cir. 1997). The record must reveal "evidentiary gaps which result in unfairness

or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (quoting *Ware v.*

*Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981)).

The ALJ did not err in failing to order a psychiatric examination. As stated, besides Dr.

Brandt's diagnosis of a "class 2 mental impairment," the record did not contain any evidence of a

mental impairment. The record contained more than sufficient evidence for the ALJ to make an

informed decision.

       *c.*     *Whether the ALJ erred by considering different time periods for Plaintiff's residual*
            *functional capacity.*

Plaintiff contends that the five residual functional capacities (RFCs) arrived at by the ALJ

were defective because he failed to address his mental difficulties and his need to have rest breaks.

Defendant maintains that substantial evidence supports the RFC in each period.

I find no error in the five RFCs applied by the ALJ. As mentioned above, it was unnecessary

to consider Plaintiff's mental difficulties, and substantial evidence did not exist to support Plaintiff's

claim regarding his mental impairment. The ALJ was extremely detailed in his analysis of

Plaintiff's RFC for each time period. R. 30-31. Therefore, his findings are supported by substantial

evidence.     *2.*     *Whether the ALJ failed to consider Plaintiff's impairments alone or in*
                 *combination.*

Plaintiff contends that the ALJ failed to consider his impairments alone or in combination.

Specifically, he notes that the ALJ did not consider his mental impairment, soft tissue injury, or

reaching impairment. Defendant argues that the ALJ did consider Plaintiff's impairments alone and

in combination.

The record reveals that the ALJ did consider the combination of Plaintiff's impairments. The ALJ refers to the necessity of considering the combination of Plaintiff's impairments. R. 18. ("In determining the claimant's residual functional capacity consideration is given to the combined effects of all the claimant's medical impairments.") The ALJ proceeds to discuss Plaintiff's various impairments over eleven pages before offering his conclusion. He specifically notes that he "consider[ed] the claimant's combination of impairments" in reaching his decision that Plaintiff was not under a disability. R. 30, 35. This statement constitutes evidence that he considered the combined effects of Plaintiff's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1223 (11th Cir. 2002).

> 3.      *Whether the ALJ posed an incomplete hypothetical to the ALJ.*

Plaintiff complains that the ALJ failed to include all his limitations in the hypothetical posed to the vocational expert. Defendant argues that the hypothetical adequately portrayed Plaintiff's impairments.

The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).

A review of the record reveals that the ALJ posed eight separate hypotheticals to the vocational expert which represented all the credible impairments determined to exist by the ALJ. These hypotheticals were extremely comprehensive and encompassed the limitations imposed upon Plaintiff by his physicians.

*4.      Whether the ALJ erred in failing to consider the vocational assessment.*

Plaintiff argues that the ALJ erred in failing to consider the vocational assessment from

PARC.[4]  Defendant argues that the ALJ properly discounted the PARC vocational assessment.

The purpose of the PARC assessment was "[t]o assess interests, aptitudes, transferable skills,

and work habits and behaviors as they pertain to becoming gainfully employed," not to make any

finding regarding Plaintiff's medical condition or disability status.   R. 409.  PARC is not an

acceptable medical source capable of establishing whether Plaintiff has a medically determinable

impairment.  20 C.F.R. §§ 404.1513 and 404.913.  Furthermore, besides noting that Plaintiff was

unapproachable and lacking in academic skills, the vocational evaluator noted that Plaintiff "was

able to learn simple tasks quickly," "attend[ed] the work assessment regularly and on time," and

"was very productive once he had mastered his tasks."  Therefore, PARC's assessment weighs in

favor of the ALJ's determination that Plaintiff is capable of performing some type of work.

*5.      Whether the ALJ improperly substituted his judgment for that of the medical and
vocational experts.*

Plaintiff argues that the ALJ ignored his two MRIs, two surgeries and the PARC vocational

assessment.  Defendant argues that the ALJ did not substitute his opinion for that of the medical

practitioners or vocational expert.

It is true that the ALJ makes little or no mention of Plaintiff's MRIs, surgeries, and PARC

assessment.  However, the ALJ is not required to "specifically refer to every piece of evidence in

his decision so long as the decision is sufficient to allow th[e] Court to conclude the ALJ considered

the claimant's medical condition as a whole."  *Brown v. Barnhart*, 2005 WL 3338275, *2 (11th Cir.

---

[3] PARC is the Pinellas Association for Retarded Children.

2005); *see also Hennes v. Comm'r of Social Security*, 130 Fed. Appx. 343, 348 (11th Cir. 2005)

("there is no rigid requirement that the ALJ specifically refer to ever piece of evidence in his

decision, so long as the ALJ's decision is not a broad rejection which is 'not enough to enable [the

court] to conclude that [the ALJ] considered her medical condition as a whole.' ") A review of the

ALJ's decision reveals that he considered Plaintiff's medical condition as a whole.  He provided a

detailed discussion of Plaintiff's medical history prior to making his findings regarding Plaintiff's

disability status.  R. 18-35.  Therefore, the failure to discuss the MRIs, surgeries, and PARC

assessment is inconsequential considering the ALJ's thorough discussion of Plaintiff's claim.

> 6.      *Whether the ALJ improperly rejected the Plaintiff's pain complaints.*

Plaintiff argues that the ALJ failed to employ the 11th Circuit's pain standard by rejecting

his pain complaints and mental impairment.  Defendant argues that the ALJ properly assessed

Plaintiff's subjective complaints of pain.

The Eleventh Circuit has established a three-part "pain standard" that applies to claimants

that attempt to establish a disability through their own testimony of subjective complaints.  The

standard requires evidence of an underlying medical condition and either (1) objective medical

evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the

objectively determined medical condition is of such a severity that it can reasonably be expected to

give rise to the alleged pain.  *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991).  When the ALJ

decides not to credit a claimant's testimony as to her pain he must articulate explicit and adequate

reasons for doing so.  *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  A reviewing court

will not disturb a clearly articulated credibility finding with substantial supporting evidence in the

record.  *Id.* at 1562*.*

I find the ALJ properly applied the *Holt* standard and his decision is supported by substantial evidence.  Although the ALJ does not specifically cite the three-part test identified in *Holt,* he does cite to 20 C.F.R. § 404.1529 which essentially contains the same language.  This, taken as a whole with the ALJ's extensive opinion, shows the ALJ applied the correct pain standard.  *See Wilson v. Barnhart*, 284 F.3d 1219 (11th Cir. 2002) (finding ALJ properly applied the Eleventh Circuit's pain standard even though he did not cite or refer to the three-part test).

7.      *Whether the ALJ erred by failing to award benefits.*

Plaintiff finishes his memorandum by bringing a broad argument that an immediate award of benefits should be awarded.  As already stated, I find the ALJ's decision is supported by substantial evidence.

*Conclusion*

For the reasons stated, I hereby RECOMMEND:

1.      The Plaintiff's complaint be dismissed and the Commissioner's decision affirmed.

2.      The Clerk be directed to enter judgment for the Commissioner.

IT IS SO REPORTED at Tampa, Florida on February 16, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
The Hon. James S. Moody, Jr.
Counsel of Record